■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER L. AUDI, JR., Appellant.—Appeal, by permission from an order of the County Court of Albany County, entered May 22, 1979, which denied, after a hearing, defendant's application in the nature of a writ of *coram nobis* under CPL 440.10 to vacate a judgment of said court, rendered April 5, 1978, convicting defendant of the crime of promoting gambling in the first degree. Order affirmed on the decision of Harris, J., at the County Court of Albany County. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.

### (July 12, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE MOORE, Appellant.—Appeal from a judgment of the County Court of Cortland County, rendered July 8, 1977, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the first degree and unauthorized use of a vehicle. We have examined the various issues raised by defendant on this appeal and conclude that none of them warrant a reversal of the judgment. However, under the factual circumstances presented, we do agree with his contention that the crime of unauthorized use of a vehicle was a lesser included offense of criminal possession of stolen property in the first degree and the judgment should be modified accordingly (see *People v Turner,* 61 AD2d 845; CPL 300.40, subd 3, par [b]). Judgment modified, on the law, by reversing so much thereof as convicted defendant of the crime of unauthorized use of a vehicle and imposed a sentence thereon, and, as so modified, affirmed. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.

■ In the Matter of the Claim of MARY LA SCALLA, Appellant, v CLOVE LAKES NURSING HOME et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed November 9, 1978, which reaffirmed a decision, filed July 19, 1977, disallowing a claim for benefits under the Workers' Compensation Law. The board found: "based upon the testimony of Drs. Sgarlato and Lucy and Mrs. Bergman, the claimant did not sustain an accident within the meaning of the Law." There is substantial evidence to support this finding and, therefore, the board's decision must be affirmed. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Larkin and Mikoll, JJ., concur.